**FISHER & PHILLIPS LLP**
MARK J. RICCIARDI, ESQ.
Nevada Bar No. 3141
DAVID B. DORNAK, ESQ.
Nevada Bar No. 6274
ALLISON L. KHEEL, ESQ
Nevada Bar No. 12986
300 S. Fourth Street
Suite 1500
Las Vegas, NV  89101
Telephone:  (702) 252-3131
FAX:  (702) 252-7411
ddornak@laborlawyers.com
*Attorneys for Defendants*

# UNITED STATE DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DIAMANDIA LINGOS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>U GYM, LLC, a Nevada limited liability Company, ULTIMATE NEV, LLC, a foreign company; d/b/a "UFC GYM"; DOES I through V, inclusive; ROE CORPORATIONS I thru V, inclusive,<br><br>Defendants. | Case No. 2:16-cv-01684-JAD-GWF<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff, Diamandia Lingos, by and through her counsel of record, Andrew Rempfer, Esq., and Defendants U Gym, LLC d/b/a UFC Gym, and Ultimate NEV, LLC (collectively "Defendants"), by and through their counsel, Allison L. Kheel, Esq., agree and stipulate, that the following Protective Order shall govern this case:

This is an employment dispute, which entails private health information, along with sensitive personnel files, Trade Secrets and proprietary information and records. That information is not typically publicly revealed, and is usually subject to protection via HIPAA or state common law. As such, to protect this information from public

FPDOCS 32351974.1

- 1 -

disclosure, the parties hereby agree that information should be designated as 'confidential' pursuant to the terms set forth below.

1.  This Protective Order governs the treatment of documents, depositions and deposition exhibits, interrogatory answers, responses to requests to admit and other written, recorded or graphic matter ("discovery material") produced by or obtained from any party or non-party (the "producing person") in this action that is designated confidential by a party in accordance with the procedures set forth below.

2.  Any party may designate ("Designating Party") as "Confidential" any discovery material that the party believes in good faith contains information of a non-public nature that is considered by the party to be commercially or personally sensitive or proprietary, including but not limited to Protected Health Information. All discovery designated as "Confidential" and all information contained therein shall be referred to in this Protective Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms and conditions of this Protective Order.

3.  Confidential Discovery Material shall be used only for the prosecution and/or defense of this action or any appeal therefrom, and for no other purpose. Confidential Discovery Material may be disclosed only under the circumstances and to the persons specifically provided for in this Protective Order or in subsequent court orders, or with the prior written consent of the party or parties not making the disclosure with respect to specifically identified Confidential Discovery Material.

4.  Confidential Discovery Material shall be designated as follows:

    a.  A document containing Confidential Discovery Material shall be so designated by marking or stamping "Confidential" on those pages deemed to contain Confidential Discovery Material.

    b.  Any party may, on the record of a deposition, or within twenty business days after receipt of the transcript of such deposition, designate any portion or portions of a deposition as "Confidential" under the terms of this Protective Order. During the twenty business days following receipt of such deposition transcript, the entire

FPDOCS 32351974.1

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

deposition transcript shall be treated as "Confidential" unless otherwise specified in writing or on the record of the deposition by the designating party.

  5. The parties shall have thirty (30) days from the date that this Protective Order is entered by the Court to designate previously-produced materials as "Confidential Discovery Material." In such event, a party objecting to the designation of confidentiality shall proceed as set forth in paragraph 6.

  6. All parties receiving material designated Confidential Discovery Material shall have fourteen (14) days from receipt to object to the confidentiality designation. The objecting party shall set forth the reasons in writing to the designating party. Should the designating party continue to assert that the materials are subject to Confidential Discovery Material designation, then the objecting party may make a motion to this Court to have the Confidential Discovery Material at issue undesignated as such. All persons receiving Confidential Discovery Material shall take all steps reasonably necessary to prevent the disclosure of Confidential Discovery Material to anyone other than the persons identified in paragraph 7 below.

  7. Confidential Discovery Material shall not be disclosed to anyone other than the following persons, subject to the requirements of Paragraph 8:

  a. The parties to these proceedings; provided, however, that where a party is a corporation, partnership, or governmental entity, Confidential Discovery Material may be disclosed only to such party's officers, directors, partners and employees who are actively involved in preparing for and conducting the litigation or settlement negotiations in these proceedings or who authored, received or otherwise were involved in the substance of the matters set forth in the Confidential Discovery Material.

  b. Inside and outside counsel to the parties to these proceedings, including partners, associates, paralegals and employees of such counsel;

  c. Clerical and data processing personnel involved in the production, reproduction, organization, filing, coding, cataloging, converting, storing, retrieving,

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

and review of Confidential Discovery Material, to the extent reasonably necessary to assist a party or its counsel in these proceedings;

    d.    Outside consultants or experts retained for the purpose of assisting counsel in these proceedings, but only such Confidential Discovery Material as is reasonably relevant to the subject matter on which they are testifying or consulting.

    e.    Non-parties (other than those described in other subsections of this paragraph 7):

        i.    Who have knowledge about the subject matter of the particular Confidential Discovery Material shown to them, or who authored or received the Confidential Discovery Material shown to them; or

        ii.    During any non-party's preparation for testifying at a deposition, hearing or trial in this proceeding to the extent the Confidential Discovery Material shown to the non-party, or its content, is reasonably likely to be part of the non-party's testimony, either during direct or cross-examination;

        iii.    At a deposition, hearing or trial in the presence of all counsel or with the prior written consent of counsel for the party not making the disclosure;

    f.    Court officials involved in this proceeding;

    g.    Court reporting personnel involved in taking or transcribing testimony in these proceedings;

    h.    Personnel involved in the administration of any document depository that may be established in connection with these proceedings; and

    i.    Any person that the Court in these proceedings designates in the interest of justice, upon terms that the Court deems proper.

    8.    No person other than those in paragraph 7(b) may disclose any Confidential Discovery Material or the content thereof to any other person or entity other than in connection with giving testimony in this proceeding at a deposition, hearing or trial. No disclosure of Confidential Discovery Material shall be made to any of the persons in paragraphs 7(c), (d) or (e)(i) and (ii) unless and until such persons

- 4 -

have been provided with a copy of this Protective Order and have executed documentation indicating they will comply with its provisions and been informed that the witness may be held in contempt of Court and subject to monetary sanctions or other consequences for failing to comply with this Protective Order. The persons in paragraphs 7(c) and (e) will not be allowed to retain copies of Confidential Discovery Material.

9. Inadvertent production of any information, document or thing without its being marked "Confidential" shall not itself be deemed a waiver of any claim of confidentiality as to such matter, and the same may thereafter be corrected by supplemental written notice, said notice to be served on all other parties within thirty (30) days of the discovery of the inadvertent production.

10. This Protective Order shall not otherwise limit the right of a producing person to use or disclose that producing person's Confidential Discovery Material.

11. After the termination of this proceeding, this Protective Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of the provisions of this Protective Order.

12. Within 45 days after the conclusion of this litigation, all Confidential Discovery Material supplied by a producing person and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall be returned to the producing person or, in the alternative, destroyed and certified to the producing person to have been destroyed.

13. Nothing in this Protective Order shall be construed to preclude a party from seeking a further protective order for any particularly sensitive information as to which such party believes that this Protective Order is insufficiently protective.

14. If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

be made to any party is nevertheless inadvertently produced to such party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing person otherwise would be entitled.  If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in custody of another party, such party shall promptly return to the producing person that material as to which the claim of inadvertent production has been made, and the receiving party shall not copy, reproduce or use such information for any purpose until further order of the Court.  The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstance of inadvertent production.

15. In the event that Confidential Discovery Material is used in any court proceeding in this action or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material because of such use. Counsel shall confer concerning the necessary procedures to protect the confidentiality of any such document, information or transcript used during the course of any court proceeding.

16. Nothing in this Protective Order, or any disclosure made thereunder, shall be deemed a waiver of any other obligation, whether pursuant to contract or otherwise, to keep secret and confidential any confidential or proprietary information and/or be deemed to be a disclosure of any trade secret, or alter either parties' ability to seek relief, including injunctive relief, for any unauthorized disclosure of information.

17. If any person receiving documents covered by this Protective Order is subpoenaed in another action, served with a demand in another action to which it is a party, or served with any other legal process by a person not a party to this litigation seeking Confidential Discovery Material produced in this action by someone other than the receiving person, the receiving person shall give prompt actual written notice by

**FISHER & PHILLIPS LLP**
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

1  hand or facsimile, and in no event later than five (5) business days after the receipt of
2  such subpoena, demand or legal process, to the person or entity that produced the
3  Confidential Discovery Material.  Nothing herein shall be construed as requiring anyone
4  covered by this Protective Order to challenge or appeal any order requiring production
5  of Confidential Discovery Material, to subject itself to any penalties for noncompliance
6  with any legal process or order, or to seek relief from this Court.

7       18.     The parties may by written consent modify the terms of this Protective
8  Order.

9  **IT IS HEREBY STIPULATED AND AGREED**

Dated:  November 10, 2016

FISHER & PHILLIPS LLP

By:  /s/ Allison L. Kheel, Esq.
    David B. Dornak, Esq.
    Nevada Bar No. 6274
    Allison L. Kheel, Esq.
    Nevada Bar No. 12986
    300 S. Fourth Street, Suite 1500
    Las Vegas, Nevada 89101
    Attorneys for Defendants

Dated:  November 10, 2016

LAW OFFICES OF STEVEN J. PARSONS

By:  /s/ Andrew L. Rempfer, Esq.
    Andrew L. Rempfer, Esq.
    Nevada Bar No. 8628
    10091 Park Run Drive
    #200
    Las Vegas, NV  89145
    Attorneys for Plaintiff

**IT IS SO ORDERED**

_George Foley Jr._
UNITED STATES DISTRICT JUDGE

Dated: November 15, 2016

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada  89101

FPDOCS 32351974.1

- 7 -