# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Diamandia Lingos,

    Plaintiff

v.

U Gym LLC, et al.,

    Defendants

Case No. 2:16-cv-01684-JAD-GWF

**Order Dismissing and Closing Case**

    On 5/8/17, after the parties notified the court that this action had been settled and that the final settlement payment was due 7/15/17,[1] the court ordered the parties to file their stipulation and proposed order to dismiss with prejudice and close this case by 8/4/17.[2] Nothing was filed. On 5/1/19, the court ordered the parties to file a stipulation and proposed order dismissing and closing this case, or this court will deem this case abandoned and direct the clerk of court to dismiss and close it.[3] Still, nothing was filed. I construe this silence as the plaintiff's intent to abandon this case, and I dismiss it.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a

---

[1] ECF No. 18.
[2] ECF No. 20.
[3] ECF No. 21.
[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

court order, or failure to comply with local rules.[5] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement.[8] That warning was given here.[9] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

---

[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[9] ECF No. 21.

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED without prejudice for failure to prosecute it. The Clerk of Court is directed to CLOSE THIS CASE.

Dated: May 20, 2019

_____
U.S. District Judge Jennifer A. Dorsey